| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Alyssa B. Klausner, Esq. (SBN 162253)<br>Swedelson & Gottlieb<br>11900 W. Olympic Blvd., Suite 700<br>Los Angeles, CA 90064<br>Telephone: (310) 207-2207<br>Facsimile: (310) 207-2115<br>Email: abk@sghoalaw.com<br><br><br>☐ *Movant appearing without an attorney*<br>☒ *Attorney for Movant* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br><br>Valonda Pitts-Theus | CASE NO.: 2:12-bk-10819-SK<br>CHAPTER: 13 |
|---|---|
| | **NOTICE OF MOTION AND MOTION**<br>**FOR RELIEF FROM THE AUTOMATIC**<br>**STAY UNDER 11 U.S.C. § 362**<br>**(with supporting declarations)**<br>**(REAL PROPERTY)** |
| Debtor(s). | DATE: 02/11/2015<br>TIME: 8:30 a.m.<br>COURTROOM: 1575 |

**Movant:** Waterstone Condominium Association

1. **Hearing Location:**

   ☒ 255 East Temple Street, Los Angeles, CA 90012      ☐ 411 West Fourth Street, Santa Ana, CA 92701
   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367   ☐ 1415 State Street, Santa Barbara, CA 93101
   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                    Page 1                    **F 4001-1.RFS.RP.MOTION**

4.  When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5.  If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6.  ☒  This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d).  If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7.  ☐  This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b).  If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

    a.  ☐  An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

    b.  ☐  An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

    c.  ☐  An application for order setting hearing on shortened notice was filed and remains pending.  After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: 01/12/2015

                                      Swedelson Gottlieb
                                        Printed name of law firm (if applicable)

                                        Alyssa B. Klausner, Esq.
                                        Printed name of individual Movant or attorney for Movant

                                        *Alyssa B. Klausner*
                                        Signature of individual Movant or attorney for Movant

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                           Page 2                          F 4001-1.RFS.RP.MOTION

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO REAL PROPERTY

1. **Movant is the:**

   ☐ Holder: Movant has physical possession of a promissory note that either (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.

   ☐ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g., mortgage or deed of trust) or (2) is the assignee of the beneficiary.

   ☐ Servicing agent authorized to act on behalf of the Holder or Beneficiary.

   ☒ Other (*specify*):
   Secured Creditor homeowners association where the subject real property is located.

2. **The Property at Issue (Property):**

   a. Address:

   *Street address*: 6400 Crescent Park East
   *Unit/suite number*: 226
   *City, state, zip code*: Playa Vista, California 90094

   b. Legal description, or document recording number (including county of recording), as set forth in Movant's deed of trust (attached as Exhibit _1, 3_ ):

3. **Bankruptcy Case History:**

   a. A ☒ voluntary ☐ involuntary  bankruptcy petition under chapter  ☐ 7  ☐ 11  ☐ 12  ☒ 13
   was filed on (*date*) _01/09/2012_ .

   b. ☐ An order to convert this case to chapter  ☐ 7  ☐ 11  ☐ 12  ☐ 13  was entered on (*date*) _____.

   c. ☒ A plan, if any, was confirmed on (*date*) _10/11/2012_ .

4. **Grounds for Relief from Stay:**

   a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay as follows:

   (1) ☒ Movant's interest in the Property is not adequately protected.

   (A) ☒ Movant's interest in the Property is not protected by an adequate equity cushion.

   (B) ☐ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

   (C) ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

   (2) ☒ The bankruptcy case was filed in bad faith.

   (A) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

   (B) ☐ The Property was transferred to the Debtor either just before the bankruptcy filing or after the filing.

   (C) ☐ A non-individual entity was created just prior to the bankruptcy petition date for the sole purpose of filing this bankruptcy case.

   (D) ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

   (E) ☐ The Debtor filed only a few case commencement documents with the bankruptcy petition. Schedules and the statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

   (F) ☒ Other (*see attached continuation page*).

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                     Page 3                     **F 4001-1.RFS.RP.MOTION**

(3) ☒ *(Chapter 12 or 13 cases only)*

(A) ☐ All payments on account of the Property are being made through the plan.
☐ Preconfirmation ☐ Postconfirmation  plan payments have not been made to the chapter 12 trustee or chapter 13 trustee.

(B) ☒ Postpetition ~~mortgage~~ HOA payments due on the ~~note~~ CC&Rs secured by a ~~deed of trust~~ lien on the Property have not been made to Movant.

(4) ☐ The Debtor filed a Statement of Intentions that indicates the Debtor intends to surrender the Property.

(5) ☐ The Movant regained possession of the Property on *(date)* _____,
which is  ☐ prepetition ☐ postpetition.

(6) ☒ For other cause for relief from stay, see attached continuation page.

b. ☐ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and, pursuant to § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

c. ☐ Pursuant to 11 U.S.C. § 362(d)(3), the Debtor has failed, within the later of 90 days after the order for relief or 30 days after the court determined that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B) to file a reasonable plan of reorganization or to commence monthly payments.

d. ☐ Pursuant to 11 U.S.C. § 362(d)(4), the Debtor's filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

(1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or

(2) ☐ Multiple bankruptcy cases affecting the Property.

5. ☐ **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor.

a. ☐ These actions were taken before Movant knew the bankruptcy case had been filed, and Movant would have been entitled to relief from the stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit ____.

c. ☐ Other *(specify)*:

6. **Evidence in Support of Motion:  (*Declaration(s) MUST be signed under penalty of perjury and attached to this motion*)**

a. The REAL PROPERTY DECLARATION on page 6 of this motion.

b. ☒ Supplemental declaration(s).

c. ☒ The statements made by Debtor under penalty of perjury concerning Movant's claims and the Property as set forth in Debtor's case commencement documents.  Authenticated copies of the relevant portions of the case commencement documents are attached as Exhibit _7_.

d. ☒ Other:
Exhibits 1-10 attached to the Declarations filed concurrently herewith, including the CC&Rs, the Lien, the ledger

7. ☒ **An optional Memorandum of Points and Authorities is attached to this motion.**

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                    Page 4                          **F 4001-1.RFS.RP.MOTION**

**Movant requests the following relief:**

1.  Relief from the stay is granted under: ☒ 11 U.S.C. § 362(d)(1)  ☐ 11 U.S.C. § 362(d)(2)  ☐ 11 U.S.C. § 362(d)(3).

2.  ☒ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

3.  ☒ Movant, or its agents, may, at its option, offer, provide and enter into a ~~potential forebearance~~ *payment plan* agreement, ~~loan modification, refinance~~ agreement or other ~~loan~~ workout or ~~less mitigation~~ agreement. Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement. Any such agreement shall be nonrecourse unless stated in a reaffirmation agreement.

3.  ☒ Confirmation that there is no stay in effect.

4.  ☐ The stay is annulled retroactive to the bankruptcy petition date. Any postpetition actions taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.

5.  ☒ The co-debtor stay of 11 U.S.C. §1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

6.  ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

7.  ☒ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing on this Motion:
    ☐ without further notice, or ☒ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

8.  ☐ Relief from the stay is granted under 11 U.S.C. § 362(d)(4): If recorded in compliance with applicable state laws governing notices of interests or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of the order by the court, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

9.  ☐ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:
    ☐ without further notice, or ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

10. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be:
    ☐ without further notice, or ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

11. ☐ Upon entry of the order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

12. ☒ If relief from stay is not granted, adequate protection shall be ordered.

13. ☒ See attached continuation page for other relief requested.

Date: __01/12/2015__

Swedelson Gottlieb
_____
Printed name of law firm (*if applicable*)
Alyssa B. Klausner, Esq.
_____
Printed name of individual Movant or attorney for Movant

_____
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# REAL PROPERTY DECLARATION

I, (*print name of Declarant*) Amr Saemaldahr _____, declare:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the real property that is the subject of this Motion (Property) because (*specify*):

    a. ☐ I am the Movant.

    b. ☐ I am employed by Movant as (*state title and capacity*):

    c. ☒ Other (*specify*): President/officer of the Board of Directors of the Movant

2. a. ☒ I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor concerning the Property. I have personally worked on the books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant. These books, records and files were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the actions, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

    b. ☐ Other (*see attached*):

3. The Movant is:

    a. ☐ Holder: Movant has physical possession of a promissory note that (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer. A true and correct copy of the note, with affixed allonges/indorsements, is attached as Exhibit _____.

    b. ☐ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g.,mortgage or deed of trust) or (2) is the assignee of the beneficiary. True and correct copies of the recorded security instrument and assignments are attached as Exhibit _____.

    c. ☐ Servicing agent authorized to act on behalf of the:
        ☐ Holder.
        ☐ Beneficiary.

    d. ☒ Other (*specify*): Secured Creditor homeowners association where the subject real property is located.

4. a. The address of the Property is:

    *Street address:* 6400 Crescent Park East
    *Unit/suite no.:* 226
    *City, state, zip code:* Playa Vista, California 90094

    b. The legal description of the Property or document recording number (including county of recording) set forth in the Movant's deed of trust is:

    Assessors Parcel Number 4211-025-119; See legal description of property as decribed in Los Angeles County Recorder's Office Instrument Nos. 06 0635265 and 20110019342, which are attached hereto as Exhibits 1 and 3

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                  Page 6                                  **F 4001-1.RFS.RP.MOTION**

5.  Type of property (*check all applicable boxes*):

   a. ☒  Debtor's principal residence          b. ☐  Other residence
   c. ☒  Multi-unit residential                d. ☐  Commercial
   e. ☐  Industrial                            f. ☐  Vacant land
   g. ☐  Other (*specify*):

6.  Nature of the Debtor's interest in the Property:

   a. ☒  Sole owner

   b. ☐  Co-owner(s) (*specify*):

   c. ☐  Lienholder (*specify*):

   d. ☐  Other (*specify*):

   e. ☒  The Debtor  ☒ did  ☐ did not  list the Property in the Debtor's schedules.

   f. ☐  The Debtor acquired the interest in the Property by  ☒ grant deed  ☐ quitclaim deed  ☐ trust deed.

      The deed was recorded on (*date*)  03/24/2006  .

7.  Movant holds a   ☐ deed of trust   ☐ judgment lien ☒ other (*specify*)  CC&Rs & Delinquent Assessment Lien
   that encumbers the Property.

   a. ☒  A true and correct copy of the document as recorded is attached as Exhibit  2-5  .

   b. ☒  A true and correct copy of the promissory note or other document that evidences the Movant's claim is
         attached as Exhibit  2-6  .

   c. ☐  A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of
         trust to Movant is attached as Exhibit _____.

8.  Amount of Movant's claim with respect to the Property:

|     |                                                        | PREPETITION | POSTPETITION | TOTAL |
|-----|--------------------------------------------------------|-------------|--------------|-------|
| a.  | Principal:                                             | $           | $ 3294.81    | $ 3294.81 |
| b.  | Accrued interest:                                      | $           | $            | $ |
| c.  | Late charges                                           | $           | $ 622.66     | $ 622.66 |
| d.  | Costs (attorney's fees, foreclosure fees, other costs): | $           | $ 3460.38    | $ 4063.38 |
| e.  | Advances (property taxes, insurance):                  | $           | $            | $ |
| f.  | Less suspense account or partial balance paid:         | $[        ] | $[        ]  | $[        ] |
| g.  | TOTAL CLAIM as of (*date*):                            | $           | $ 7980.85    | $ 7980.85 |

   h. ☐  Loan is all due and payable because it matured on (*date*) _____

9.  Status of Movant's foreclosure actions relating to the Property (*fill the date or check the box confirming no such action
   has occurred*):

   a.  Notice of default recorded on (*date*) 3/14/2011  or ☐ none recorded.

   b.  Notice of sale recorded on (*date*)  12/09/2011  or ☐ none recorded.

   c.  Foreclosure sale originally scheduled for (*date*)  01/10/2012  or ☐ none scheduled.

   d.  Foreclosure sale currently scheduled for (*date*) _____ or ☒ none scheduled.

   e.  Foreclosure sale already held on (*date*) _____ or ☒ none held.

   f.  Trustee's deed upon sale already recorded on (*date*) _____ or ☒ none recorded.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                Page 7                        F 4001-1.RFS.RP.MOTION

10. Attached (*optional*) as Exhibit __6__ is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor since the bankruptcy petition date.

11. ☐ (*chapter 7 and 11 cases only*) Status of Movant's loan:

    a.  Amount of current monthly payment as of the date of this declaration: $_____ for the month of _____ 20___.

    b.  Number of payments that have come due and were not made: _____. Total amount: $_____

    c.  Future payments due by time of anticipated hearing date (*if applicable*):

        An additional payment of $_____ will come due on (*date*) _____, and on the _____ day of each month thereafter. If the payment is not received within _____ days of said due date, a late charge of $_____ will be charged to the loan.

    d.  The fair market value of the Property is $_____, established by:

        (1) ☐ An appraiser's declaration with appraisal is attached as Exhibit _____.

        (2) ☐ A real estate broker or other expert's declaration regarding value is attached as Exhibit _____.

        (3) ☐ A true and correct copy of relevant portion(s) of the Debtor's schedules is attached as Exhibit _____.

        (4) ☐ Other (*specify*):

    e.  **Calculation of equity/equity cushion in Property:**

        Based upon ☐ a preliminary title report ☐ the Debtor's admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

| | Name of Holder | Amount as Scheduled by Debtor (*if any*) | Amount known to Declarant and Source |
|---|---|---|---|
| 1st deed of trust: | US Bank National Assn. | $ 286910 | $ 311,404.80 |
| 2nd deed of trust: | | $ | $ |
| 3rd deed of trust: | | $ | $ |
| Judgment liens: | | $ | $ |
| Taxes: | | $ | $ |
| Other: | Waterstone Condo Assn. | $ | $ 7980.85 |
| **TOTAL DEBT:** $ 319385.65 | | | |

    f.  Evidence establishing the existence of these deed(s) of trust and lien(s) is attached as Exhibit __2-9__ and consists of:

        (1) ☐ Preliminary title report.

        (2) ☒ Relevant portions of the Debtor's schedules.

        (3) ☒ Other (*specify*): lender's Motion for Relief and Exhibits thereto

    g. ☐ **11 U.S.C. § 362(d)(1) - Equity Cushion:**
        I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant's debt is $_____ and is _____% of the fair market value of the Property.

    h. ☐ **11 U.S.C. § 362(d)(2)(A) - Equity:**
        By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 11(e) above, I calculate that the Debtor's equity in the Property is $_____.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                      Page 8                    **F 4001-1.RFS.RP.MOTION**

i. ☐ Estimated costs of sale: $_____ (estimate based upon _____% of estimated gross sales price)

j. ☐ The fair market value of the Property is declining because:

12. ☒ *(Chapter 12 and 13 cases only)* Status of Movant's loan and other bankruptcy case information:

a. A 341(a) meeting of creditors is currently scheduled for *(or concluded on)* the following date: 02/17/2012 .
A plan confirmation hearing currently scheduled for (or concluded on) the following date: 10/11/2012 .
A plan was confirmed on the following date *(if applicable)*: 10/11/2012 .

b. Postpetition preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

(See attachment for additional breakdown of information attached as Exhibit 6 .)

c. Postpetition postconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of each Payment or Late Charge | Total |
|---|---|---|---|
| 1 | | $ 269.65 | $ 269.65 |
| 2 | | $ 62.92 | $ 125.84 |
| | 7 | $ 26.96 | $ 188.72 |
| 7 | | $ 259.62 | $ 1817.34 |
| 7 | | $ 59.88 | $ 419.16 |
| | 11 | $ 25.96 | $ 285.56 |
| 2 | | $ 247.36 | $ 494.72 |
| 2 | | $ 57.03 | $ 114.06 |

d. Postpetition advances or other charges due but unpaid:                              $
(For details of type and amount, see Exhibit 6 )

e. Attorneys' fees and costs:                                                          $ 4063.38
(For details of type and amount, see Exhibit 6 )

f. Less suspense account or partial paid balance:                    $[                    ]

TOTAL POSTPETITION DELINQUENCY:        $ 7980.85

g. Future payments due by time of anticipated hearing date *(if applicable)*: _____.
An additional payment of $ 332.57 will come due on 2/1/2015 , and on
the 1st day of each month thereafter. If the payment is not received by the 15th day of the month, a late
charge of $26.96 will be charged to the loan.

h. Amount and date of the last 3 postpetition payments received from the Debtor in good funds, regardless of how
applied (if applicable):
$ 330 received on *(date)* 12/31/2014
$ 331 received on *(date)* 11/27/2014
$ 335 received on *(date)* 10/21/2014

i. ☐ The entire claim is provided for in the chapter 12 or 13 plan and postpetition plan payments are delinquent.
A plan payment history is attached as Exhibit _____. See attached declaration(s) of chapter 12 trustee or
13 trustee regarding receipt of payments under the plan *(attach LBR form F 4001-1.DEC.AGENT.TRUSTEE)*.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                    Page 9                            **F 4001-1.RFS.RP.MOTION**

13. ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

14. ☐ The court determined on (*date*) _____ that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B). More than 90 days have passed since the filing of the bankruptcy petition; more than 30 days have passed since the court determined that the Property qualifies as single asset real estate; the Debtor has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or the Debtor has not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

15. ☐ The Debtor's intent is to surrender the Property. A true and correct copy of the Debtor's statement of intentions is attached as Exhibit _____.

16. ☐ Movant regained possession of the Property on (*date*) _____, which is ☐ prepetition ☐ postpetition.

17. ☐ The bankruptcy case was filed in bad faith:

   a. ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

   b. ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

   c. ☐ The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

   d. ☐ Other (*specify*):


18. ☐ The filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

   a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

   b. ☐ Multiple bankruptcy cases affecting the Property include:

      1. Case name: _____
         Chapter: _____   Case number: _____
         Date filed: _____   Date discharged: _____   Date dismissed: _____
         Relief from stay regarding the Property ☐ was  ☐ was not  granted.

      2. Case name: _____
         Chapter: _____   Case number: _____
         Date filed: _____   Date discharged: _____   Date dismissed: _____
         Relief from stay regarding the Property ☐ was  ☐ was not  granted.

      3. Case name: _____
         Chapter: _____   Case number: _____
         Date filed: _____   Date discharged: _____   Date dismissed: _____
         Relief from stay regarding the Property ☐ was  ☐ was not  granted.

   ☐ See attached continuation page for information about other bankruptcy cases affecting the Property.

   ☐ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

19. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

   a. ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

   b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

   c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 01/ 9/2015 | Amr Saemaldahr | |
| Date | Printed name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 11                          F 4001-1.RFS.RP.MOTION

## MOTION TO GRANT THE ASSOCIATION RELIEF FROM THE AUTOMATIC STAY
## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Movant and Secured Creditor Waterstone Condominium Association, a California non-profit mutual corporation (the "Association") moves for an Order granting the Association's request for relief from the automatic stay and immediately terminating the stay as to the Association with regard to the Debtor and the Unit in order to allow the Association and its agents to proceed under all applicable non-bankruptcy laws to enforce its remedies including, but not limited to, foreclosure upon and obtaining possession of the Unit.  Said Motion is made on the grounds that the Unit's owner/the Debtor continues to be delinquent in the payment of the post-petition homeowners assessments in violation of 11 U.S.C. § 523(a)(16).

The Unit and the Unit's owners including the Debtor have an obligation to pay the homeowners assessments to the Association pursuant to the Association's CC&Rs and California State law including *Civil Code §§ 5650, 5660, 5675, 5700 and 5710 et seq.* (formerly *Civil Code §§ 1366, 1367.1, 1367.4*), and 11 U.S.C. § 523(a)(16).  The homeowners assessments are used to maintain the Association and the complex including the Debtor's Unit. Prior to the bankruptcy petition, the Debtor was delinquent in the payment of the homeowners assessments, and following the Petition Date, the Debtor continues to be delinquent in the payment of the post-petition assessments*,* all the while continuing to own, reside in and/or rent out the premises and to derive, use and enjoy the benefits of their unit and the common area of the Association without making their assessment payments to the Association, which the lien secures.

### I.    STATEMENT OF FACTS

Movant and Secured Creditor Waterstone Condominium Association (the "Association") is a non-profit mutual benefit corporation, and the homeowners association for a multi-unit residential condominium development located at 6400 Crescent Park East, Playa Vista, California 90094.  The Association is comprised of the owners of the condominium units at the Association, including the Debtor.

SWEDELSON
&GOTTLIEB
ATTORNEYS AT LAW

The real property that is the subject of the Motion is located at 6400 Crescent Park East, Unit 226, Playa Vista, California 90094, Assessors Parcel Number 4211-025-119 (the "Unit"), which is located within the Association.

The Debtor acquired title to the Unit via a Grant Deed recorded on March 24, 2006 as Instrument Number 06 0635265 in the Official Records of the Recorder's Office, Los Angeles County, California.  A true and correct copy of said Deed is attached hereto as **Exhibit 1** and incorporated herein by reference.

The Unit and the unit/lot owners, including the Debtor, are bound by and subject to the Association's Governing Documents including that certain Declaration of Covenants, Conditions, Restrictions and Reservation of Easements for Waterstone recorded on September 6, 2005 as Instrument Number 05 2137313 in the Official Records of the Recorder's Office, Los Angeles County, California (hereinafter the "CC&Rs"), and the Association's Collection Policy.  Such equitable servitudes and covenants shall run with the land and bind all of the units/lots and the owners of an interest in the Association including the Debtors. CC&Rs, Preamble, Sections C and D.  A true and correct copy of the referenced and relevant portions of the Association's CC&Rs and Collection Policy are attached hereto as **Exhibit 2** and incorporated herein by reference.

Pursuant to the Preamble, Sections C and D, Article I, Sections 1.1.2, 1.1.6, 1.1.7, 1.1.19, 1.1.20, 1.1.24, 1.1.41, 1.1.51, 1.1.60, 1.1.64, Article IV, Section 4.4.1, Article VII, Section 7.1, 7.3, 7.4, 7.6 and Article XII, Section 12.2 of the Association's CC&Rs, by virtue of the ownership of a unit and/or lot at and within the Association, the unit owners including the Debtor, are members of the Association, and covenant and agree and are obligated to abide by and comply with all of the terms and conditions of the Association's CC&Rs and to pay assessments levied by the Association to meet the Association's expenses pursuant to the Association's CC&Rs and California *Civil Code* §§ 5650, 5660, 5675, 5700 and 5710 et seq. (formerly *Civil Code* §§ 1366, 1367.1, 1367.4). CC&Rs, Preamble, Sections C and D, Article I, Sections 1.1.2, 1.1.6, 1.1.7, 1.1.19, 1.1.20, 1.1.24, 1.1.41, 1.1.51, 1.1.60, 1.1.64, Article IV, Section 4.4.1, Article VII, Section 7.1, 7.3, 7.4, 7.6, Article XII, Section 12.2; *See also*

SWEDELSON & GOTTLIEB
ATTORNEYS AT LAW

1  Association's Collection Policy (Exh. 2).  In particular, the Preamble of the Association's

2  CC&Rs provides that:

3      "All provisions of this Declaration are imposed as equitable servitudes on the
       Community.  All limits, restrictions, reservations, rights, easements, conditions and
4      covenants in this Declaration shall run with and burden the Community and shall be
       binding on and for the benefit of all of the Community and all Persons acquiring any
5      interest in the Community." CC&Rs, Preamble, Section C (Exhibit 2).

6      And, the payment of the homeowners assessments is both an *in rem* obligation of the Unit

7  and the personal obligation of the unit owners including the Debtor.  In that regard, Article VII,

8  Section 7.1 of the Association's CC&Rs further provides that:

9      "Each Owner shall pay to the Association all Assessments established and collected
10     pursuant to this Declaration…. All Assessments, together with late payment penalties,
       interest, costs and reasonable attorneys' fees for the collection thereof, are a charge and a
11     continuing lien on the Condominium against which such Assessment is made. Each
       Assessment, together with late payment penalties, interest, costs, and reasonable
12     attorneys' fees, is also the personal obligation of the Person who was the Owner of the
       Condominium when the Assessment accrued." CC&Rs, Article XII, Sections 12.1, 12.2
13     (Exhibit 2); *See also* Civil Code §§ 5650 et seq. (formerly *Civil Code* §§ 1366(e), 1367.1).

14     Additionally, the obligation to pay assessments cannot be offset or waived.  In that regard,

15 Article VII, Section 7.4 of the Association's CC&Rs provides that:

16     "**Waiver of Use**. **No Owner may exempt himself from personal liability for**
17     **Assessments** duly levied by the Association, nor release such Owner's Condominium
       from the liens and charges thereof, by waiving use and enjoyment of the Common
18     Property, or by abandoning such Owner's Condominium." [Emphasis added] CC&Rs,
       Article VII, Section 7.4 (Exhibit 2).
19

20     Per Article VII, Section 7.6 of the Association's CC&R and the Association's Collection

21 Policy, the annual assessments shall commence on the first day of the month, and shall be paid

22 on a monthly basis. *Civil Code* §§ 5650, 5660, 5675, 5700 and 5710 et seq. (formerly *Civil*

23 *Code* §§ 1366, 1367.1, 1367.4), Article XII, Section 12.2.1 of the Association's CC&Rs and the

24 Association's Collection Policy further provide that assessments are delinquent if unpaid thirty

25 days after it becomes due, in which case a late fee of ten percent (10%) or ten dollars ($10),

26 whichever is greater, is imposed, plus interest at the maximum rate permitted by *Civil Code* §

27 5650, which is currently 12% per annum. *See* Exhibit 2.

28 / / /


SWEDELSON
& GOTTLIEB
ATTORNEYS AT LAW

-3-
MOTION FOR RELIEF FROM THE AUTOMATIC STAY

These sections parallel California *Civil Code* § 5650 and 5675(a) (formerly *Civil Code* §§ 1366(e), 1367.1). *Civil Code* § 5650 provides that:

"(a) A regular or special assessment and any late charges, reasonable fees and costs of collection, reasonable attorney's fees, if any, and interest, if any, as determined in accordance with subdivision (b), shall be a debt of the owner of the separate interest at the time the assessment or other sums are levied.

 (b) Regular and special assessments levied pursuant to the governing documents are delinquent 15 days after they become due, unless the declaration provides a longer time period, in which case the longer time period shall apply. If an assessment is delinquent, the association may recover all of the following:

 (1) Reasonable costs incurred in collecting the delinquent assessment, including reasonable attorney's fees.

 (2) A late charge not exceeding 10 percent of the delinquent assessment or ten dollars ($10), whichever is greater, unless the declaration specifies a late charge in a smaller amount, in which case any late charge imposed shall not exceed the amount specified in the declaration.

 (3) Interest on all sums imposed in accordance with this section, including the delinquent assessments, reasonable fees and costs of collection, and reasonable attorney's fees, at an annual interest rate not to exceed 12 percent, commencing 30 days after the assessment becomes due, unless the declaration specifies the recovery of interest at a rate of a lesser amount, in which case the lesser rate of interest shall apply.

 (c) Associations are hereby exempted from interest-rate limitations imposed by Article XV of the California Constitution, subject to the limitations of this section." Cal.Civ.Code § 5650.

In addition, *Civil Code* § 5675(a) (formerly *Civil Code* § 1367.1 (a) and (d)) provides, in relevant part, that:

"(a) The amount of the assessment, plus any costs of collection, late charges, and interest assessed in accordance with subdivision (b) of Section 5650, shall be a lien on the owner's separate interest in the common interest development from and after the time the association causes to be recorded with the county recorder of the county in which the separate interest is located, a notice of delinquent assessment . . . ."

And, *Civil Code* §§ 5650, 5660, 5675, 5700 and 5710 et seq. and Article XII, Section 12.2 of the Association's CC&Rs authorize the Association to collect delinquent assessments, late charges, interest and collection costs including attorneys' fees, and to record a lien against a homeowner's unit and foreclose on that lien to collect same, file a lawsuit against the delinquent owners (the Debtor) to collect said unpaid assessments and related charges.

On or about November, 2010 and continuing thereafter, the Unit and its owner/the Debtor failed to and/or were delinquent in the payment of the homeowners assessments for the Unit. As there were outstanding assessments due, the Association recorded a Notice of Delinquent



SWEDELSON
& GOTTLIEB
ATTORNEYS AT LAW

-4-

Assessment Lien (hereinafter the "Lien") on January 5, 2011 as Instrument Number 20110019342 in the Official Records of the Recorder's Office, Los Angeles County, California. A true and correct copy of the Lien is attached hereto as **Exhibit 3** and incorporated herein by reference. Thus, the Association is a holder of a secured claim and lien recorded against the Unit in which the Debtor claims an interest.

Having not received payment of the delinquent assessment amounts, the Association recorded its Notice of Default on or about March 14, 2011 as Instrument Number as 20110387310 in the Official Records of the Recorder's Office, Los Angeles County, California. A true and correct copy of the Notice of Default is attached hereto as **Exhibit 4**. Following the issuance of the Association's Notice of Default, there is a 90-day redemption that commences and which must expire before which the Notice of Trustee's Sale can be issued.

Having not received payment of the outstanding delinquent assessments, and following the expiration of the 90-day redemption period following the recordation of the Association's Notice of Default, the Association recorded its Notice of Trustee's Sale on or about December 9, 2011 as Instrument Number as 2011-1665480 in the Official Records of the Recorder's Office, Los Angeles County, California. A true and correct copy of the Notice of Sale is attached hereto as **Exhibit 5**. The Association's Trustee's Sale was initially scheduled to be held on January 10, 2012. However, one day prior to the Association's Trustee's Sale, the Debtor filed the instant bankruptcy case.

The Debtor filed the instant Chapter 13 bankruptcy (United States Bankruptcy Court – Central District of California Case No.: 2:12-bk-10819-SK) on January 9, 2012 (the "Petition Date"), which is currently pending. A true and correct copy of the bankruptcy docket(s) and Schedules A and D for the instant bankruptcy are attached hereto as **Exhibit 7.** In her Schedules, the Debtor states that the Fair Market Value of the Unit is $320,000.

Following the Petition Date, the Debtor continues to own, have possession of and reside in and/or rent out the Unit. However, following the Petition Date, the Debtor has been repeatedly failed to pay and has been repeatedly delinquent in the payment of the post-petition homeowners assessment amounts.



MOTION FOR RELIEF FROM THE AUTOMATIC STAY

The Unit and the Unit owner/the Debtor have a long history of failing to pay and/or delinquent in the payment of the homeowners assessments owed to the Association since at least November, 2010.  Prior to the Petition Date, the Debtor was delinquent for some time and owed the Association at least $11,390.31, which has since been paid through the Plan. Following the Petition Date, the Debtor continued to fail to pay and/or been delinquent in the payment of the post-petition assessments.  As of January 1, 2015, the Unit and Unit owner/the Debtor owe the Association at least $7,980.85 (excluding interest which is also due) for unpaid post-petition homeowners assessments and related charges for late fees, collection costs and legal fees, with regard to the Unit.  *See* Exhibit 6; Klausner Decl.  Further, post-petition assessments of $332.57 (Assessments of $269.65 and Variable E of $62.92) per month continue to accrue each month, plus late fees of $26.96, interest of twelve percent (12%) per annum, collection costs and attorneys' fees if not timely paid, and the failure of the Debtor to pay same violates 11 U.S.C. § 523(a)(16).  A true and correct copy of the ledger setting forth the statement for homeowners association charges owed by the Debtor and the Unit is attached as **Exhibit 6**.

The subject Unit at the Association has 2 bedrooms and 1 bathroom in 960 square feet, and built in 2005. A true and correct copy of the Unit description is attached as **Exhibit 9**.  A similar unit within the Association, namely Unit 410, which has 2 bedrooms and 1 bathroom in 960 square feet, was sold on September 12, 2014 for $408,500.  A true and correct copy of the title information reflecting the unit description and the sales price comparables/information of similar units within the Association is attached as **Exhibit 9**.

As set forth in the Declaration of Amr Saemaldahr, the President of the Board of Directors of the Association, the failure and continued failure of the Debtor to pay their assessment obligations creates a burden on this Association and its other members who must share in the cost of their failure to pay their assessments.  The homeowners assessments are used by the Association for, amongst other things, maintenance and repair of the Project, including the Unit and the Association common areas. CC&Rs, Article VII, Section 7.3; Exhibit 2.  Following the bankruptcy petition, the Debtor continues to have legal ownership and

possession of the Unit, resides in and/or rents out the Unit, continues to use the common area facilities at the Association, continues to derive the benefits of the Unit and the common area of the Association, and continues to take advantage of the utilities and other services for which the Association must pay, but for which the Debtor is not contributing as a result of the delinquent assessments.   The on-going delinquency of the Debtor to pay assessments places the Association and its members in a precarious position.

A review of the facts set forth in the Declarations filed in support of this Motion and the documentary evidence submitted herewith demonstrate that the Debtor's on-going bankruptcy is preventing the Association from proceeding with the non-judicial foreclosure on the Unit, and/or a lawsuit against the Debtor with regard to the delinquent post-petition assessments that continue to accrue.

The failure and/or on-going delinquency of the Debtor to make his/her/its/their post-petition homeowners assessment payments to the Association, while owning, residing in and/or renting out the Unit, violates 11 U.S.C. § 523 (a)(16).  If the requested relief is not granted, the Association will be prejudiced in its ability to collect the delinquent assessments from the Debtor and the Unit and the Association will be prejudiced in obtaining their compliance with the Association's CC&Rs if the stay is not lifted.

Prior to filing this Motion, the Association via its attorney contacted the Debtor's Attorney Vito Torchia numerous times regarding the Debtors' non-payment of the post-petition assessments via email and telephone including, but not limited to, December 18, 2014, December 22, 2014 and December 29, 2014.  Accordingly, having not received a response from, the Debtor's Attorney nor the payment of the assessments including the post-petition assessments, the Association had no choice but to prepare the instant Motion for Relief from Automatic Stay.

The Association respectfully requests that this Court issue an Order granting the Association's request for relief from the automatic stay and immediately terminating the stay as to the Association with regard to the Debtor and the Unit in order to allow the Association and its agents to proceed under all applicable non-bankruptcy laws to enforce its remedies including,


SWEDELSON
&GOTTLIEB
ATTORNEYS AT LAW

but not limited to, foreclosure upon and obtaining possession of the Unit, and/or commencing legal action against the Debtor for the unpaid post-petition assessments that continue to accrue. If relief from stay is not granted, the Association respectfully requests that the Court order adequate protection.  The Association further requests that any order entered in this bankruptcy be effective in any subsequent bankruptcy filed by this Debtor and affecting the Unit.

## II.   ARGUMENT

### A. RELIEF FROM THE AUTOMATIC STAY SHOULD BE GRANTED ON THE GROUNDS THAT THE DEBTOR, WHO CONTINUES TO OWN THE UNIT, HAS FAILED PAY THE POST-PETITION ASSESSMENTS IN VIOLATION OF 11 U.S.C. § 523(a)(16)

The Association seeks relief from the automatic stay afforded under 11 USC § 362 of the U.S. Bankruptcy Code on the grounds that the Debtor has failed to pay and/or been delinquent in the payment of the post-petition homeowners' assessment payments to the Association in violation of 11 U.S.C. § 523(a)(16), while the Debtor continues to own the Unit.  The Debtor owns, resides in and/or rents out the Unit and benefits from the common area facilities at the Association, and benefits from the other services for which the Association must pay, but for which the Debtor has not contributed by payment of the assessments due to the Association pursuant to the CC&Rs.

The Debtor failed to pay the delinquent post-petition homeowners assessments in the amount of at least $7,980.85 (as of January 1, 2015 excluding interest and some legal fees which are also due) for unpaid homeowners assessments and related charges for late fees, interest and collection costs, to the Secured Creditor Association, and said post-petition assessments and related collection costs and fees due the Association continue to accrue each month.  The continued failure of the Debtor to timely and fully pay the assessment obligations creates an undue burden on the Association and its other members who must share in the cost of the Debtor's failure to pay the assessments.

11 USC § 523 (a), Subsection (16) exempts post-petition assessments from discharge regardless of the type of bankruptcy the Debtor files.  With respect to the Exceptions to Discharge, 11 USC § 523 (a), Subsection (16) clearly provides that:

SWEDELSON
& GOTTLIEB
ATTORNEYS AT LAW

"(a) **A discharge** under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title **does not discharge an individual debtor from, any debt** –

(16) **for a fee or assessment that becomes due and payable after the order for relief to a membership association with respect to the debtor's interest in a unit that has condominium ownership**, in a share of a cooperative corporation, or a lot in a homeowners association, for as long as the debtor or the trustee has a legal, equitable, or possessory ownership interest in such unit, such corporation, or such lot, but nothing in this paragraph shall except from discharge the debt of a debtor for a membership association fee or assessment for a period arising before entry of the order for relief in a pending or subsequent bankruptcy case". 11 USC § 523(a)(16 [Emphasis added.]

Even though the Debtor has had and continues to have legal, equitable and/or possessory ownership of the Unit, and owns and resides in and/or rents out the Unit, as well as benefits from use and enjoyment of the Association's common areas, the Debtor has not paid and/or been delinquent in the payment of the homeowners assessments.  Additionally, the Debtor has forced and continues to force the Association to incur, amongst other things, additional costs for collection fees and attorneys' fees as a result of the failure to pay the assessments and prepare this Motion.

In the case of *Foster v. Double R Ranch Association* (In Re Foster), 2010 DJDAR 13025 (9th Cir. July 19, 2010) where the Debtor tried to avoid the payment of the homeowners assessments in a Chapter 13 case, the Court, finding in favor of the Association, stated, in relevant part, as follows:

"[W]e hold, as a matter of law, debtor's personal liability for HOA dues continues postpetition as long as he maintains his legal, equitable or possessory interest in the property and is unaffected by his discharge. In essence, the "running" covenant rule in this case boils down to one of **"you stay, you pay"**. . . ." [Emphasis added].

The *Foster* Court's statement, **"you stay, you pay"** with regard to the Debtor's obligation to pay the post-petition assessments while she continues to own the Unit, bares repeating.  Since the Petition Date, the Debtor has failed to make payments and/or been delinquent in the payment of the post-petition assessment amounts. Exhibit 6.

Automatic stay provisions in the Bankruptcy Code were not intended to be used as a weapon or club to reduce creditors into submission with continued passage of time while no payments are made to them or to be a permanent refuge for a financially distressed Debtor. The


SWEDELSON
& GOTTLIEB
ATTORNEYS AT LAW

MOTION FOR RELIEF FROM THE AUTOMATIC STAY

bankruptcy laws were intended only to give a debtor a breathing spell from his creditors and to afford him reasonable time to repay his debts or develop a reorganization plan. *In re Gaslight Village, Inc.* 8 B.R. 866 (Bk. Conn. 1981).

In the *In re Kinney Kar Leasing, Inc.* 5 B.R. 405 (C.D. Cal. 1980) case, the Court held:

> "No one questions the right of a debtor to a fair chance at rehabilitation. On the other hand, that right is not so pervasive as to permit the destruction of economic rights equally entitled to the sanctioned protection of law. The cited provisions of the Code are an effort to balance these conflicting interests, to grant to the debtor the right to continued enjoyment and exploitation of property and assets upon which rehabilitation depends, not at the expense of secured creditors, but on terms which protect secured creditors in the realization of the value of their interests in such property and assets."

In the case of *In re Fernandez* 212 B.R. 361 (Bankr. C.D. Cal. 1997), the Court enforced an *in rem* relief from stay order from a prior proceeding and upheld a bankruptcy court's ability to use its equitable powers under 11 U.S.C. § 105(a) to "prevent abuse" and to "preserve the integrity of the bankruptcy process."

A creditor is entitled to relief from the automatic stay if the debtor files bankruptcy in bad faith. *In Re Duvar Apt., Inc.* 97 DJ DAR 6109 (9th Cir. BAP, May 14, 1997); *In re Huerta*, 137 B.R. 356 (Bkrtcy C.D. Cal. 1992). In the landmark case of *In re Fast Food Properties, Ltd. No. 1*, 5 B.R. 539 (C.D. Cal. 1980), the Court held that a case filed solely for the purpose of frustrating the enforcement of the power of sale provisions in a deed of trust was subject to dismissal. The Court stated: "Under the Bankruptcy Act of 1898, the Bankruptcy Court, without express statutory authority, dismissed Bankruptcy cases which were filed improperly for an improper purpose." The principle in that case applies equally to attempts to avoid the power of sale in the lien remedy afforded to homeowners associations for collection of delinquent assessments pursuant to *Civil Code* §§ 5650 et seq. (formerly *Civil Code* §§ 1367.1, 1367.4) and the Association's CC&Rs.

Therefore, the Association respectfully requests that the Court should issue an Order granting the Association relief from the automatic stay and immediately terminating the stay as to the Association with respect to the Debtor and the Unit to allow the Association and its agents to proceed under all applicable non-bankruptcy laws to enforce its remedies including, but not limited to, foreclosure upon the Unit and obtaining possession of the Unit, and/or



1  commencing legal action against the Debtor for the unpaid post-petition assessments.

2  **IV.      CONCLUSION**

3          For the reasons set forth above and in the concurrently filed Declarations, the Association

4  respectfully requests and good cause exists for the Court to issue an Order granting the

5  Association's request for relief from the automatic stay and immediately terminating the stay as

6  to the Association with regard to the Unit and the Debtor in order to allow the Association and

7  its agents to proceed under all applicable non-bankruptcy laws to enforce its remedies including,

8  but not limited to, foreclosure upon and obtaining possession of the Unit, and/or commencing

9  legal action against the Debtor for the unpaid post-petition assessments.  If relief from stay is

10 not granted, the Association respectfully requests that the Court order adequate protection.  The

11 Association further requests that any order entered in this Bankruptcy be effective in any

12 subsequent bankruptcy filed by this Debtor, or affecting the Unit.

13

14 Dated: January 12, 2015                  SWEDELSON GOTTLIEB

15

16                              By: _Alysa B Kl_____

17                                  Alyssa B. Klausner, Esq.
                                    Attorneys for Movant and Secured Creditor,
18                                  WATERSTONE CONDOMINIUM ASSOCIATION

19

20

21

22

23

24

25

26

27

28

### DECLARATION OF AMR SAEMALDAHR

I, Amr Saemaldahr, hereby declare as follows:

1. I am the President of the Board of Directors for the Movant WATERSTONE CONDOMINIUM ASSOCIATION, a California non-profit mutual benefit corporation (hereinafter the "Association"), a Secured Creditor of the Debtor herein. I am also a member of the Association and own a unit and reside within the Association. I am over 18 years of age. Except as to those matters alleged on information and belief, I know the following facts to be true, and if called upon to do so, I could and would competently testify to the truth of the following matters under oath. As to the matters alleged on information and belief, I believe them to be true, and if called upon to testify about the facts asserted herein, I could and would testify thereto.

2. I am familiar with the Association's books, records and accounts as they relate to the real property located at 6400 Crescent Park East, Unit 226, Playa Vista, California 90094, Assessors Parcel Number 4211-025-119 (the "Unit") within the Association and the owners of the Unit including the Debtor herein. I am one of the custodians of the books, records and files of the Association, including those books, records and files that pertain to the obligation of the Unit and the Unit's owners to pay regular and special assessments and related costs and charges to the Association relating to the Unit at the Association owned by the Debtor. I have worked on books, records and files and as to the following facts, I know them to be true of my own personal knowledge or I have gained knowledge of them from the business records of the Association on behalf of the Association, which were made at or about the time of the events recorded and which are maintained in the ordinary course of the Association's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of the Association by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the Court if required.

3. The address of the real property that is the subject of this Motion is 6400 Crescent Park East, Unit 226, Playa Vista, California 90094, Assessors Parcel Number 4211-025-119



MOTION FOR RELIEF FROM THE AUTOMATIC STAY

(the "Unit").

4.  Movant and Secured Creditor Waterstone Condominium Association (the "Association") is a non-profit mutual benefit corporation, and the homeowners association for a multi-unit residential condominium development located at 6400 Crescent Park East, Playa Vista, California 90094.  The Association is comprised of the owners of the condominium units at the Association, including the Debtor.

5.  The Debtor acquired title to the Unit via a Grant Deed recorded on March 24, 2006 as Instrument Number 06 0635265 in the Official Records of the Recorder's Office, Los Angeles County, California.  A true and correct copy of said Deed is attached hereto as **Exhibit 1** and incorporated herein by reference.

6.  The Unit and the unit/lot owners, including the Debtor, are bound by and subject to the Association's Governing Documents including that certain Declaration of Covenants, Conditions, Restrictions and Reservation of Easements for Waterstone recorded on September 6, 2005 as Instrument Number 05 2137313 in the Official Records of the Recorder's Office, Los Angeles County, California (hereinafter the "CC&Rs"), and the Association's Collection Policy.  Such equitable servitudes and covenants shall run with the land and bind all of the units/lots and the owners of an interest in the Association including the Debtors. *See* CC&Rs, Preamble, Sections C and D.  A true and correct copy of the referenced and relevant portions of the Association's CC&Rs and Collection Policy are attached hereto as **Exhibit 2** and incorporated herein by reference.

7.  By virtue of their ownership of the units, the Owners of the units within the Association, including the Debtor, are members of the Association and covenant and agree and are obligated to abide by and comply with all of the terms and conditions of the Association's CC&Rs including the payment of homeowners assessments levied by the Association to meet the Association's expenses pursuant to the Association's CC&Rs and California *Civil Code* §§ 5650, 5660, 5675, 5700 and 5710 et seq. (formerly *Civil Code* §§ 1366, 1367.1 and 1367.4). *See* CC&Rs, Preamble, Sections C and D, Preamble, Sections C and D, Article I, Sections 1.1.2, 1.1.6, 1.1.7, 1.1.19, 1.1.20, 1.1.24, 1.1.41, 1.1.51, 1.1.60, 1.1.64, Article IV, Section 4.4.1,

SWEDELSON
&GOTTLIEB
ATTORNEYS AT LAW

Article VII, Section 7.1, 7.3, 7.4, 7.6, Article XII, Section 12.2; *See also* Association's Collection Policy (Exh. 2). The payment of the homeowners assessments is both an *in rem* obligation of the Unit and the personal obligation of the unit owners including the Debtor, CC&Rs, Article VII, Section 7.1 (Exh. 2).

9. Additionally, the obligation to pay assessments cannot be offset or waived. CC&Rs, Article VII, Section 7.4 (Exh. 2).

10. Per Article VII, Section 7.6 of the Association's CC&R and the Association's Collection Policy, the annual assessments shall commence on the first (1st) day of the month, and shall be paid on a monthly basis. California *Civil Code* §§ 5650, 5660, 5675, 5700 and 5710 et seq. (formerly *Civil Code* §§ 1366, 1367.1, 1367.4), Article XII, Section 12.2.1 of the Association's CC&Rs and the Association's Collection Policy further provide that assessments are delinquent if unpaid thirty (30) days after it becomes due by the thirtieth (30th) of the month, in which case a late fee of ten percent (10%) or ten dollars ($10), whichever is greater, is imposed, plus interest at the maximum rate permitted by *Civil Code* § 5650, which is currently 12% per annum. Exhibit 2.

11. California *Civil Code* §§ 5650, 5660, 5675, 5700 and 5710 et seq. (formerly *Civil Code* §§ 1366, 1367.1 and 1367.4), Article XII, Section 12.2 of the Association's CC&Rs and the Association's Collection Policy authorize the Association to collect delinquent assessments, late charges, interest and collection costs including attorneys' fees, and to record a lien against a homeowner's unit and foreclose on that lien to collect same, file a lawsuit against the delinquent owners (the Debtors) to collect said unpaid assessments and related charges. Exhibit 2.

12. Since at least November, 2010 and continuing thereafter, the Unit and its owner failed to pay the homeowners assessments for the Unit. As there were outstanding assessments due, the Association recorded a Notice of Delinquent Assessment Lien (hereinafter the "Lien") on January 5, 2011 as Instrument Number 20110019342 in the Official Records of the Recorder's Office, Los Angeles County, California. A true and correct copy of the Lien is attached hereto as **Exhibit 3** and incorporated herein by reference. Thus, the Association is a holder of a secured claim and lien recorded against the Unit in which the Debtor claims an



SWEDELSON
&GOTTLIEB
ATTORNEYS AT LAW

interest.

13.   Having not received payment of the delinquent assessment amounts, the Association recorded its Notice of Default on or about March 14, 2011 as Instrument Number as 20110387310 in the Official Records of the Recorder's Office, Los Angeles County, California. A true and correct copy of the Notice of Default is attached hereto as **Exhibit 4**. Following the issuance of the Association's Notice of Default, there is a 90-day redemption that commences and which must expire before which the Notice of Trustee's Sale can be issued.

14.   Having not received payment of the outstanding delinquent assessments, and following the expiration of the 90-day redemption period following the recordation of the Association's Notice of Default, the Association recorded its Notice of Trustee's Sale on or about December 9, 2011 as Instrument Number as 2011-1665480 in the Official Records of the Recorder's Office, Los Angeles County, California.  A true and correct copy of the Notice of Sale is attached hereto as **Exhibit 5**.  The Association's Trustee's Sale was initially scheduled to be held on January 10, 2012.  However, one day prior to the Association's Trustee's Sale, the Debtor filed the instant bankruptcy case.

15.   The Debtor filed the instant Chapter 13 bankruptcy (United States Bankruptcy Court – Central District of California Case No.: 2:12-bk-10819-SK) on January 9, 2012 (the "Petition Date"), which is currently pending.  A true and correct copy of the bankruptcy docket(s) and Schedules A and D for the instant bankruptcy are attached hereto as **Exhibit 7.**   In her Schedules, the Debtor states that the Fair Market Value of the Unit is $320,000.

16.   Following the Petition Date, the Debtor continues to own, have possession of and reside in and/or rent out the Unit.  However, following the Petition Date, the Debtor has been delinquent in the payment of the homeowners assessment amounts.

17.    The Unit and the Unit owner/the Debtor have a long history of failing to pay and/or delinquent in the payment of the homeowners assessments owed to the Association since at least November, 2010.  Prior to the Petition Date, the Debtor was delinquent for some time and owed the Association at least $11,390.31, which has since been paid through the Plan. Following the Petition Date, the Debtor continued to fail to pay and/or been delinquent in the

SWEDELSON
& GOTTLIEB
ATTORNEYS AT LAW

payment of the post-petition assessments.  As of January 1, 2015, the Unit and Unit owner/the Debtor owe the Association at least $$7,980.85 (excluding interest and some legal fees which are also due) for unpaid post-petition homeowners assessments and related charges for late fees, collection costs and legal fees, with regard to the Unit.  *See* Exhibit 6; Klausner Decl. Further, post-petition assessments of $332.57 (Assessments of $269.65 and Variable E of $62.92) per month continue to accrue each month, plus late fees of $26.96, interest of twelve percent (12%) per annum, collection costs and attorneys' fees if not timely paid, and the failure of the Debtor to pay same violates 11 U.S.C. § 523(a)(16).  A true and correct copy of the ledger setting forth the statement for homeowners association charges owed by the Debtor and the Unit is attached as **Exhibit 6**.

18.    The subject Unit at the Association has 2 bedrooms and 1 bathroom in 960 square feet, and built in 2005. A true and correct copy of the Unit description is attached as **Exhibit 9**. A similar unit within the Association, namely Unit 410, which has 2 bedrooms and 1 bathroom in 960 square feet, was sold on September 12, 2014 for $408,500.  A true and correct copy of the title information reflecting the unit description and the sales price comparables/information of similar units within the Association is attached as **Exhibit 9**.

19.    The failure and continued failure/delinquency of the Debtor to pay their assessment obligations creates a burden on this Association and its other members who must share in the cost of their failure to pay their assessments.  The homeowners assessments are used by the Association for, amongst other things, maintenance and repair of the Project, including the Unit and the Association common areas. CC&Rs, Article VII, Section 7.3; Exhibit 2.  Following the bankruptcy petition, the Debtor continues to have legal ownership and possession of the Unit, resides in and/or rents out the Unit, continues to use the common area facilities at the Association, continues to derive the benefits of the Unit and the common area of the Association, and continues to take advantage of the utilities and other services for which the Association must pay, but for which the Debtor is not contributing as a result of the delinquent assessments.  The failure/delinquency of the Debtor to pay assessments places the Association and its members in a precarious position.

SWEDELSON
&GOTTLIEB
ATTORNEYS AT LAW

1        I declare under penalty of perjury under the laws of the State of California and the United

2    States of America that the foregoing is true and correct.  Executed on the __8__ th day of January,

3    2015 at Playa Vista, California.

4

5                              Amr Saemaldahr

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



MOTION FOR RELIEF FROM THE AUTOMATIC STAY

## DECLARATION OF ALYSSA B. KLAUSNER

I, Alyssa B. Klausner, declare as follows:

1.   I am an attorney at law, duly licensed to practice before all the courts in the State of California.  I am an attorney with the law firm of Swedelson & Gottlieb, counsel of record for Secured Creditor WATERSTONE CONDOMINIUM ASSOCIATION (hereinafter the "Association"), a secured creditor of the Debtor herein.  I know the following facts to be true of my own personal knowledge, except as to those matters alleged on the basis of information and belief, and as to those matters, I believe them to be true.  If called upon to do so, I could and would testify to the truth of the following matters under oath.

2.   I, on behalf of the Association, contacted the Debtor's Attorney Vito Torchia to discuss the post-petition delinquency and arrange for payment of the post-petition homeowners assessments.  In fact, I contacted the Debtor's Attorney Vito Torchia several times including, but not limited to, December 18, 2014, December 22, 2014 and December 29, 2014.  Having not received a response from the Debtor's Attorney nor payment of the post-petition assessments, the Association had no choice but to prepare the instant Motion for Relief from the Automatic Stay.

3.   As of December 31, 2014, the Association has incurred approximately $4,063.38 in legal fees and costs with regard to the bankruptcy of the Debtor and the Debtor's on-going delinquency including the preparation of the Motion for Relief from the Automatic Stay.

4.   I have been practicing for over 22 years, and my time is billed at $335.00 per hour. Sean D. Allen has been practicing over 7 years and his time was billed at the rate of $315 per hour.  These fees are reasonable.  Swedelson Gottlieb entirely limits its practice to the area of Community Association law and limits the practice to the representation of homeowners associations.  Moreover, I am one of the few attorneys in the State of California who deal with bankruptcy cases for homeowners associations. The hourly rate of each attorney who worked on this is no greater, and is actually less than, the usual and customary rates that are charged by association law attorneys of comparable experience in the Southern California area.

/ / /



MOTION FOR RELIEF FROM THE AUTOMATIC STAY

5. The time spent and amount billed by Swedelson Gottlieb is reasonable, especially in light of the circumstance of this matter, including the on-going failure of the Debtor to pay the delinquent assessments while continuing to derive the benefits and use of Association's Common Areas.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 12 th day of January, 2015 at Los Angeles, California.

_____
Alyssa B. Klausner

SWEDELSON
&GOTTLIEB
ATTORNEYS AT LAW

MOTION FOR RELIEF FROM THE AUTOMATIC STAY

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

11900 W. Olympic Blvd., Suite 700, Los Angeles, California 90064

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _01/12/2015_, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

US Trustee - Email: ustpregion16.la.ecf@usdoj.gov
Kathy Dockrey (Trustee)- Email: efiling@CH13LA.com
Vito Torchia (Debtor's Atty) - Email: vjt@brookstone-law.com
JaVonne M. Phillips (US Bank's Atty) - Email: bknotice@mccarthyholthus.com

        ☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _01/12/2015_, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Debtor - Valonda Pitts-Theus, 6400 Crescent Park East, Unit 226, Playa Vista, CA 90094
Courtesy Copy - Us Bankruptcy Court, The Honorable Sandra R. Klein, 255 East Temple Street, Suite 1582/Courtroom 1575, Los Angeles, CA 90012

        ☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

        ☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01/12/2015 | Alinda Turner | *[signature]* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.